OPINION
{¶ 1} R.A.M.E., Inc. ("RAME") is appealing from a decision and entry overruling its motion for summary judgment. In the same decision and entry, the trial court overruled a partial motion for summary judgment filed on behalf of appellant, Shane Pawich. Both *Page 2 
motions asked the trial court to determine whether Ohio law or Pennsylvania law would apply to this intentional tort claim.
 {¶ 2} Because the trial court overruled both motions, this appellate court must analyze whether a final order exists. If no final order has been journalized, then no jurisdiction exists in this court.
 {¶ 3} Final orders are defined by R.C. 2505.021(B) as follows:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action;
 (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, *Page 3 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15 and 5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55
of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;
 (7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.
 {¶ 4} The trial court's ruling in this case did not determine the action or prevent a judgment for either party. Thus, R.C. 2505.02(B)(1) does not make the trial court's decision and entries a final order.
 {¶ 5} The counterclaim filed by RAME is a declaratory judgment action. Thus, the counterclaim is a special proceeding as defined in R.C.2505.02(A)(2) as follows:
 "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 6} However, we do not view the trial court's decisions as affecting a substantial right at this point in time. First, the trial court could revisit its initial inclination about which set of laws, the laws of Ohio or the laws of Pennsylvania, to apply. Second, the merits of the intentional tort claim have yet to be addressed by a trier of fact. An appeal at this time seems to be a request for an advisory opinion on a question of law, not a review of a final order under R.C. 2505.02(B)(2).
 {¶ 7} No party has suggested that any other portion of R.C. 2505.02(B) applies so as to make this a final, appealable order. Without such an order, an appellate court has no jurisdiction. We therefore must and do dismiss this appeal.
 Appeal dismissed. *Page 4 
 BROWN and McGRATH, JJ., concur. *Page 1